IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| R.L. HARRIS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Case No.: 1:14-CV-67 (WLS) |
| ALBANY POLICE DEPARTMENT, : | |
| GARNETT LINCEY, EARNEST : | |
| THOMPSON, MICHAEL PRESSLEY, : | |
| *et al.*, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER

Presently pending before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2). For the following reasons, Plaintiff's Motion to Proceed *In Forma Pauperis* (Docs. 2) is **GRANTED**. Plaintiff's Amended Complaint (Doc. 4) is **DISMISSED** as against Defendant Albany Police Department. Plaintiff's Amended Complaint (Doc. 4) may proceed against Defendants Garnett Lincey, Earnest Thompson, and Michael Pressley.

## DISCUSSION

This Court must follow a well-established two-step procedure in processing a case filed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. *Cotton v. Georgia*, No. 5:07-cv-159 (HL), 2007 WL 1810231, at *1 (M.D. Ga. June 21, 2007). "Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute." *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). "Only after making a finding of poverty and docketing the case can the court proceed to

1

the next question: whether the claim asserted is frivolous or malicious." *Id.* "A claim is frivolous "where it lacks an arguable basis either in law or in fact," and under section 1915(d), a court is empowered with "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## I. Plaintiff's Financial Status

According to his IFP Application, Plaintiff receives retirement and disability income and food stamps in the amount of $791/month. (Doc. 2 at 2.) Monthly expenses for Plaintiff's household total $861.85. (*Id.* at 4-5.) Plaintiff has a 1994 Ford Van worth $500.00. (*Id.* at 3.) Upon review of Plaintiff IFP application, it appears that Plaintiff meets the requirements of 28 U.S.C. § 1915 for proceeding *in forma pauperis.* Therefore, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**. Plaintiff is hereby allowed to proceed in this action without prepayment of costs or fees or the necessity of giving security therefor.

## II. Validity of Plaintiff's Complaint

In the instant Complaint, brought pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 242, Plaintiff alleges that his Fourth Amendment right to be free from excessive force and his entitlement to equal protection under the laws under the Fourteenth Amendment were violated when he was physically assaulted by Albany Police Department Officers. Finally, Plaintiff alleges that Defendants deprived him of rights secured by the Constitution in violation of 18 U.S.C. § 242.

### A. 18 U.S.C. 242

The Court will first address Plaintiff's claim under 18 U.S.C. 242. Section 242 serves as the criminal counterpart to a section 1983 claim. *Fundiller v. Cooper City*, 777 F.2d 1436, 1439 (11th Cir. 1985). To that end, section 242 provides that anyone, who while acting under color of any law, statute, ordinance, etc., willfully deprives any individual of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States shall be fined or imprisoned for more than one year, or both. Importantly, section 242 is a criminal statute that provides no basis for civil liability or a private right of action. *Id.* (affirming the district court's dismissal of plaintiff's § 242 claim since there is "no implied private right of action under 18 U.S.C. § 242"); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1327 (N.D. Ga. 2009) (noting that section 242 is a criminal statute that does not provide a private right of action); *see also Cuyler v. Scriven*, No. 6:11-cv-87, 2011 WL 861709, at *3 (M.D. Fla. Mar. 9, 2011) (same and collecting cases). Accordingly, because Plaintiff will not be able to bring a section 242 claim, even with "a more carefully drafted complaint," the Court is dismissing Plaintiff's section 242 pursuant to 28 U.S.C. § 1915(e)(2)(B). *See, e.g., Cuyler*, 2011 WL 861709 at *3 (dismissing section 242 claim pursuant to 28 U.S.C. § 1915(e)(2)(B) without giving plaintiff an opportunity to amend his complaint on the grounds that his section 242 "claims are based on an indisputably meritless legal theories, namely that [p]laintiffs can seek damages for violation of that criminal statute or seek the imposition of criminal charges in a civil lawsuit").

**B.     42 U.S.C. § 1983**

Plaintiff has also alleged Fourth (excessive force) and Fourteenth Amendment (equal protection) violations against all Defendants. Plaintiff has named the Albany Police Department, Garnett Lincey, Earnest Thompson, and Michael Pressley as Defendants in his Amended Complaint. (Doc. 4 at 1.) The Albany Police Department is, however, not a person as that term is defined by 42 U.S.C. § 1983. The Eleventh Circuit has recognized that police departments are not legal entities subject to suit. *Robinson v. Hogansville Police Dept.*, 159 F. App'x 137, 138 (11th Cir. 2005) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit.") (quoting *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992))). The reason for this lack of capacity for suit is that police departments are "mere arms of local governments," *Clark v. Glynn Cnty. Police Dept.*, No. 2:07-cv-109, 2007 WL 4287717, at *2 (S.D. Ga. Dec. 3, 2007) (citing *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1343 (11th Cir. 2003)), and are "merely the vehicle through which the county governs," *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984). Thus, the Albany Police Department is not a proper defendant to Plaintiff's section 1983 claim and is therefore dismissed.

The Court also concludes that Plaintiff's equal protection claim is due to be dismissed. Plaintiff alleges that officers with the Albany Police Department physically assaulted him. Plaintiff alleges that the officers' "deliberate and malicious use of excessive force" during a traffic stop on April 20, 2014, denied him equal protection under the law. (Doc. 4 at 2.) The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of laws." U.S. Const.

amend. XIV, § 1. Thus, the Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *Kicklighter v. Evans Cnty. Sch. Dist.*, 968 F. Supp. 712, 720 (S.D. Ga. 1997) (quoting *City of Cleburne. V. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). To state a claim under the Equal Protection Clause, a plaintiff "must allege that the plaintiff is a member of an identifiable group, was subjected to differential treatment from others similarly situated, and the difference in treatment was based on his or her membership in that group." *Glenn v. Brumby*, 724 F. Supp. 2d 1284, 1296 (N.D. Ga. July 2, 2010) (citing *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)). Alternatively, a plaintiff may allege a class-of-one equal-protection claim and allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Campbell v. Rainbow City*, 434 F.3d 1306, 1314 (11th Cir. 2006) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). A class-of-one claim does not require that the plaintiff allege discrimination against his protected class; rather, it requires that a plaintiff allege that the defendant's actions were taken because of characteristics unique to the plaintiff. *See Glenn*, 632 F. Supp. 2d at 1313 ("When an equal protection claim is premised on unique treatment rather than on a classification, the Supreme Court has described it as a 'class of one' claim.") (additional citation omitted).

    Here, Plaintiff neither alleges that he was treated differently based on membership in a group nor alleges disparate treatment based on characteristics unique to him. Thus, as pleaded, his equal-protection claim is subject to dismissal. Accordingly, Plaintiff's Fourteenth Amendment Equal Protection claim is dismissed without

prejudice. Plaintiff may only proceed with his Fourth Amendment excessive-force claim against Defendants Lincey, Thompson, and Pressley.

## CONCLUSION

For the foregoing reasons, Plaintiff' Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**, and Plaintiff may proceed with his Fourth Amendment excessive-force claim, as set forth in his Amended Complaint (Doc. 4), against Defendants Lincey, Thompson, and Pressley. Plaintiff's 18 U.S.C. § 242 claim is **DISMISSED** as is his 42 U.S.C. § 1983 claim against the Albany Police Department and his Fourteenth Amendment equal-protection claim against all Defendants, pursuant to 28 U.S.C. § 1915(e)(2). A copy of the Amended Complaint (Doc. 4) shall be served by the United States Marshal at this time on Defendants Lincey, Thompson, and Pressley.

Plaintiff is advised that he must serve upon opposing counsel (or Defendants if they are not represented by counsel) copies of all motions, pleadings, discovery material, and any correspondence (including letters to the Clerk or to a judge) that are filed with the Clerk of Court. Fed. R. Civ. P. 5(a). Plaintiff shall include with any paper which is filed with the Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to Defendants or their counsel. Plaintiff is further advised that the Clerk of Court will not serve or forward to Defendant or its counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (i) interrogatories may not exceed twenty-five (25) to each party (M.D. Ga. R. 33.1); (ii) requests for production of

documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten (10) requests to each party (M.D. Ga. R. 34); and (iii) requests for admissions under Fed. R. Civ. P. 36 may not exceed fifteen (15) requests to each party (M.D. Ga. R. 36).

28 U.S.C. § 636(c)(1) authorizes and empowers full-time Magistrate Judges to conduct any and all proceedings in a jury or non-jury civil matter and to order the entry of judgment in a case upon the written consent of the parties. If the parties desire for the United States Magistrate Judge to hear this case through trial and the entry of judgment, they may complete and return consent forms that will be mailed by the Clerk of Court.

Plaintiff is responsible for the diligent prosecution of his Amended Complaint, and failure to do so will result in the possibility of dismissal under Fed. R. Civ. P. 41(b) for failure to prosecute.

Plaintiff is required to promptly keep the Clerk of Court advised of his current address at all times during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of Plaintiff's Amended Complaint.

**SO ORDERED**, this   2nd   day of May 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**